UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TIMOTHY ALLEN HINES | CIVIL ACTION NO. 07-cv-2164 |
| VERSUS | JUDGE HICKS |
| U.S. COMMISSIONER SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Plaintiff filed an application for disability insurance benefits. An ALJ denied his claim. The Appeals Council denied Plaintiff's request for review, and Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g).

The Commissioner responded to the complaint with a Motion for Summary Judgment (Doc. 7) on the grounds that the civil action is untimely. Section 405(g) provides that an individual may obtain a review of a final decision of the Commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." The regulations add that such a civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual ... except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). The regulation adds a presumption that the notice of denial is received by the claimant within

five days after the date of the notice, unless there is a reasonable showing to the contrary. Id.

The summary judgment evidence submitted by the Commissioner shows that the Appeals Council issued a decision dated September 24, 2007, and Patrick Herbst (an agency official) testifies that the Appeals Council mailed a copy of that decision to Plaintiff and his legal representative on that same date. The notice included an explanation, under the heading "Time to File a Civil Action," about the 60-day deadline, the five-day presumption, and the procedure to ask the Appeals Council to extend the time to file. The claimant was directed to mail any request for extension to an address listed at the top of the notice. Mr. Herbst testifies that he "is not aware of any request for an extension of time to file a civil action" in this case.

Without any extension of time, and considering the five-day presumption for receipt of the notice, Plaintiff's deadline to file a civil action would be Wednesday, November 28, 2007. Plaintiff does not contend that he took any action before that deadline. Plaintiff does represent, through an affidavit from counsel, that he faxed a letter to the Appeals Council on December 10, 2007, and asked for an extension of time to file an appeal to the district court. Counsel stated in the letter that Plaintiff had first contacted counsel's office on December 4, 2007, and counsel needed additional time to review relevant information. Counsel asked that Plaintiff be granted an extension until December 20, 2007, or until 10 days after the date the extension was granted, whichever was greater. Counsel's fax-transmission report reflects

that the letter was sent to the Appeals Council by fax, but there is no evidence as to whether the request was mailed as directed in the notice from the Appeals Council.

Plaintiff's counsel testifies that he did not receive a response to the request, and he proceeded to file this civil action on December 14, 2007, in the hopes that the Appeals Council would send a favorable response to the request for an extension of time. Counsel testifies that, as of late April 2008, he has not received a response of any kind from the Appeals Council with respect to the request for extension of time.

The Commissioner had an opportunity to file a reply memorandum and address whether Plaintiff's request for extension was received and, if so, the status of the request. The Commissioner filed nothing to address those points, which is a bit odd considering that Plaintiff's evidence calls into question the accuracy of Mr. Herbst's declaration. The mystery of whether the Appeals Council actually received a request for extension of time remains unsolved, but the court will assume it was sent on December 10, 2007.

Plaintiff does not cite any authority for the proposition that a request for extension of time filed *after* the 60-day deadline could be granted and revive the expired statutory limitations period. Assuming such a granted request would be operative, summary judgment is nonetheless appropriate. A mere request for extension of time, even if filed before the 60 days expires, does not alone extend the deadline. In Lloyd v. Sullivan, 882 F.2d 218 (7th Cir. 1989), Mr. Lloyd's attorney mailed a letter to the Appeals Council asking for an extension of time. Mr. Lloyd never received a response, and the Council claimed that it never received

the request.  The Seventh Circuit affirmed summary judgment.  It stated that even if it assumed the request was timely sent, it does not necessarily follow that the Council would have granted an extension (a matter that rests within the Commissioner's discretion), "so it is not enough for Lloyd to show that a request was made."

The district court in Lewis v. Barnhart, 73 Fed. Appx. 715 (5th Cir. 2003) dismissed a social security appeal on the grounds of untimeliness.  The plaintiff later filed a motion to vacate the order of dismissal pursuant to Fed. R. Civ. Proc. 60(b).  Among the arguments raised by the claimant was that the agency failed to respond to a motion for extension of time before the limitations period expired, and the agency did not confirm receipt of a motion for extension of time until almost one year after the civil action was dismissed as time-barred.  The district court refused to reopen the case, and the Fifth Circuit affirmed.  The Court noted that the agency's failure to respond to the motion for extension of time before the limitations period expired did not warrant relief.  See also McCall v. Bowen, 832 F.2d 862 (5th Cir. 1987) (district court lacks jurisdiction to review the Appeals Council's decision to deny a request for extension of time).

The limitations period in this case expired.  Plaintiff later filed a request for extension of time, and the Appeals Council has not granted any extension.  Plaintiff has not articulated any legal basis that would allow the court to maintain the civil action as timely under these circumstances, and the authorities cited above are to the contrary.

Accordingly;

**IT IS RECOMMENDED** that the Commissioner's Motion for Summary Judgment (Doc. 7) be **granted** and that Plaintiff's civil action be **dismissed with prejudice** as untimely.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of July, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE